# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULISSA JIMENEZ, Personal Representative of ARMANDO JIMENEZ, JR., Deceased | § § § § |
| v. | § § § |
| GRAND ISLE SHIPYARD, LLC. | § |

C.A. No. 4:22-cv-00196

**BRIEF IN SUPPORT OF NOTICE OF REMOVAL**

COMES NOW, Defendant Grand Isle Shipyard, LLC ("Defendant"), and without waiving any of its defenses, including the lack of *in personam* jurisdiction, respectfully asks this Court to accept removal of the above styled case pursuant to its Notice of Removal from the 80th Judicial District Court of Harris County, Texas.

**I.**
**NATURE AND STAGE OF THE PROCEEDING**

1. This case was removed from the 80th Judicial District court of Harris County, Texas after Julissa Jimenez ("Plaintiff") filed her Original Petition in a manner contrary to issues already resolved. Plaintiff's Original Petition was not the first time she raised these claims in Texas courts, and it was not the first time she ignored the rules of practice and procedure. Plaintiff's suit was already considered and disposed by the United States District Court for the Western District of Texas.

2. Plaintiff, filed suit in the United States District Court for the Western District of Texas, Del Rio Division, on April 6, 2021.[1]

---

[1] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 1, Plaintiff's Original Complaint.

3. Defendant raised several motions under Rule 12(b) before answering the case in the Western District of Texas.[2]

4. Among the motions urged by Defendant was a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2). In that motion, Defendant provided argument, authority, and evidence that there are no minimum contacts necessary for the exercise of personal jurisdiction over Defendant in Texas, showing in particular that there is no general jurisdiction over this out-of-state defendant and no specific jurisdiction for alleged wrongs taking place entirely outside Texas.[3]

5. Defendant also filed a Motion to Dismiss for Improper Venue and a Motion to Dismiss for the Failure to State a Claim.[4]

6. Plaintiff's Response to Defendant's multiple dispositive motions was due on June 21, 2021 pursuant to Rule CV-7(d)(2) of the Local Court Rules of the United States District Court for the Western District of Texas.[5]

7. Plaintiff ignored the response deadline and filed a "Notice of Nonsuit" on June 21, 2021. In this notice, Plaintiff instructed the Federal district court that "effective upon filing" the action was "DISMISSED WITHOUT PREJUDICE."[6]

8. On June 22, 2021, the District Court entered its "Order Striking Nonsuit," in which the Honorable Magistrate Judge Garcia corrected Plaintiff's understanding of the Rules

---

[2] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 2, Defendant's Motion to Dismiss, pp. 1-14.

[3] *Id.* at pp. 1-8.

[4] *Id.* at pp. 8-14.

[5] Local Court Rules effective January 24, 2021.

[6] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 3, Plaintiff's Notice of Nonsuit Without Prejudice.

and explained that the "filing of an answer terminates a plaintiff's ability to unilaterally dismiss a suit."[7]

9. The District Court for the Western District of Texas ordered that any motion for relief from its deadlines or a stay of discovery should be filed by July 6, 2021.[8]

10. On the morning of July 2, 2021, Plaintiff's counsel sent an email proposing that the parties enter a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii).[9] Defendant responded shortly thereafter that it was willing to discuss a stipulation on satisfaction of certain conditions including Plaintiff's agreement not refile the claims in suit in any court other than the United States District Court for the Eastern District of Louisiana.[10]

11. On the same day, Defendant moved for relief from the scheduling deadlines and for a stay of discovery. Defendant argued there was "good cause" to stay discovery because the motions pending before the court were ripe for resolution.[11] Defendant's efforts to confer with Plaintiff about this motion were ignored.[12]

12. Plaintiff emailed Defendant on July 7, 2021, advising that Plaintiff "will be ensuring, on our end, compliance with the venue/jurisdiction requirements" and "will be taking the steps we previously described."[13] Unwilling to accept Plaintiff's assurances of respect for Defendant's jurisdictional rights, Defendant sent a reply email addressing the

---

[7] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 6, Order Striking Notice of Nonsuit.

[8] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 5, Order for Scheduling Proposals.

[9] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 11, Exhibit A, Affidavit of Allen D. Hemphill and attached email sent Friday, July 2, 2021 at 9:56 AM.

[10] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 11, Exhibit A, Affidavit of Allen D. Hemphill and attached email sent Friday, July 2, 2021 at 11:43 AM.

[11] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 7, Defendant's Opposed Motion for Relief from Scheduling Proposals Deadlines and for a Stay of Discovery, pp. 3-5, ¶¶ 13-16.

[12] *Id.* at p. 5, ¶ 17 and p. 7, Certificate of Conference.

[13] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 11, Exhibit A, Affidavit of Allen D. Hemphill and attached email sent Wednesday, July 7, 2021 at 6:21 AM.

terms of an agreed motion to dismiss under Rule 41(a)(2) that would memorialize Plaintiff's obligations at law.[14]

13. Plaintiff ignored the deadline for a response to Defendant's motion for a relief from the scheduling deadlines and for a stay of discovery. Noting the lack of timely response, on July 12, 2021, the Honorable Magistrate Judge Garcia entered an order vacating the scheduling deadlines.[15]

14. On July 29, 2021, Plaintiff filed her "Motion to Dismiss Without Prejudice."[16] This motion was filed without authority and was essentially identical to the "Plaintiff's Notice of Nonsuit Without Prejudice" that the District Court previously corrected.[17] It purported to instruct the District Court that the action "hereby is, NONSUITED and DISMISSED WITHOUT PREJUDICE," adding the instructions that each party would "bear his/its own costs" and that the notice was "effective upon filing and dismisses the pending lawsuit.".

15. Defendant filed its Response to Plaintiff's Motion to Dismiss on August 6, 2021.[18]

16. As with Defendant's three pending motions, Plaintiff ignored the opportunity to respond. This time, in lieu of a reasoned response, she filed her Amended Motion to Dismiss Without Prejudice.[19] For the first time in three attempts, Plaintiff did not

---

[14] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 11, Exhibit A, Affidavit of Allen D. Hemphill and attached email sent Wednesday, July 7, 2021 at 12:04 PM.

[15] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 9, Order granting Defendant's Opposed Motion for Relief from Scheduling Proposals Deadlines and for a Stay of Discovery.

[16] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 10, Plaintiff's Motion to Dismiss Without Prejudice.

[17] *See, Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 3, Plaintiff's Notice of Nonsuit Without Prejudice. The new motion cited Rule 41(a)(2) rather than Rule 41(a)(1)(A)(i).

[18] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 11, Defendant's Response to Plaintiff's Motion to Dismiss Without Prejudice.

[19] *Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 12, Plaintiff's Amended Motion to Dismiss Without Prejudice.

announce that the dismissal was automatically effective, acknowledging the need for judicial permission and advising of her intent to pursue her claims in Texas state court.

17. On October 18, 2021, the District Court for the Western District of Texas granted Defendant's Rule 12(b)(2) motion, dismissing Plaintiff's claims without prejudice. With respect to general jurisdiction, the District Court found that Defendant is not-a resident of Texas because it was formed and is headquartered in Louisiana, and the District court explained that the "Defendant's contracts with Texas must be significant to overcome this void, and based on the record before it, the Court finds they are not." Likewise, with no evidence that Defendant's Texas contacts involved the Decedent or the acts at issue, the District Court held that "[a]sserting specific jurisdiction is improper."

18. The final judgment of the District Court was recorded on the same day.

19. Plaintiff took no other action between the dismissal of her claims by the Western District of Texas and refiling her claims in Harris County District Court almost 60 days later. She did not appeal the District Court's order, move for reconsideration, or take any other action to extend the deadline for appeal.

## II.
### STATEMENT OF THE ISSUES

20. Decedent is not a seaman as a matter of law, and the statutory prohibition against removal under the Jones Act is inapplicable.

21. This action is removable under 28 U.S.C. § 1331 and 43 U.S.C. § 1349. Because there is "federal question" jurisdiction, 28 U.S.C. § 1441(c)(1) provides that "the entire action may be removed" even if Plaintiff's bare allegations of Jones Act negligence prevented removal of the Jones Act portion of her claim.

22. The parties are diverse, and 28 U.S.C. § 1332 provides a separate and independent

5

basis for removal. Plaintiff states in her Original Petition that she seeks monetary relief over $1,000,000.00.[20] Thus, the amount-in-controversy requirement is satisfied.

23. Plaintiff also states general maritime law claims, and this Honorable Court's original jurisdiction over such claims affords a third distinct basis for removal.

24. There is no legitimate impediment to removal, and this action is properly removed pursuant to 28 U.S.C. § 1441(a).

### III.
### ARGUMENT AND AUTHORITIES

**A. Plaintiff is Not a Jones Act Seaman and There is No Statutory Impediment to Removal.**

25. Jones Act cases are not ordinarily removable.[21] However, a Jones Act case may be removed when the allegations are made in an effort to frustrate federal jurisdiction.[22] In this situation, the removing defendant must pierce the pleadings to show that the Jones Act case was improperly pleaded and that there is no possibility the plaintiff can establish the cause of action.[23] The court may deny remand when the plaintiff has no chance of establishing a Jones Act claim.[24]

26. A plaintiff must be a seaman to maintain a cause of action under the Jones Act.[25] To qualify as a seaman, a plaintiff must prove that his work contributed to the function of

---

[20] Exhibit E, Plaintiff's Original Petition.

[21] *Holmes v. Atl. Sounding Co.*, 437 F.3d 441, 445 (5th Cir. 2006); *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).

[22] *Holmes*, 437 F.3d at 445; *Burchett*, 48 F.3d at 175-176; *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

[23] *Lackey*, 990 F.2d at 207.

[24] *Holmes*, 437 F.3d at 445; *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345-346 (5th Cir. 1999).

[25] *See Hufnagel* 182 F.3d at 346.

6

a vessel in the accomplishment of its mission and that he has a connection to a vessel, or to an identifiable fleet of vessels that is substantial in both its duration and nature.[26]

27.     Plaintiff cannot assert rights that accrue to those with seaman status because she failed to offer colorable allegations that Plaintiff was a seaman. Plaintiff's Original Petition offers a rote allegation that Decedent "was working as a seaman."[27] She asserted a cause of action under the Jones Act (as well as "general maritime law" and "common law"), she referenced the Texas state venue provision applicable to some Jones Act claims, and she incorrectly cited a case dealing with the removal of Jones Act claims.[28] However, Plaintiff offered no facts to support her bare claims. A complaint must state facially plausible facts sufficient to permit the court to draw reasonable inferences that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Conclusionary allegations and "naked assertions" do not suffice. *Id*. Plaintiff made no allegations of Decedent's seaman status to which Defendant could fairly respond, and she made no effort to allege facts supporting a relationship to a vessel that was conceivably substantial in nature and duration. Because Plaintiff made rote assertion of "seaman status" and alternative "Jones Act claims" without any alleged factual support, it is clear from her pleadings alone that her Jones Act claim was improperly pleaded and cannot bar removal.

28.     As previously discussed, the core of seaman status is an enduring relationship between a crew member and his or her vessel(s). Plaintiff never named or in any way

---

[26] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed. 2d 314 (1995).

[27] Exhibit E, Plaintiff's Original Petition, p. 4 ¶ 10.

[28] Exhibit E, Plaintiff's Original Petition, pp. 1-2 ¶ 3 and p. 4 ¶ 18. Plaintiff cited *Lackey v. Atl. Richfield Co.*, 990 F.2d 202 (5th Cir. 1993), a case dealing with the improper joinder of seaman status allegations to prevent removal. However, Plaintiff cited *Lackey* for the incorrect proposition that "it is well settled that this Jones Act case is not removable." In fact, the *Lackey* court explained that the "settled" law was that a district court can look beyond a plaintiff's pleadings to determine whether the claims were properly asserted. *Id*. at 206.

identified a vessel to which Decedent, her alleged husband, owed a permanent duty. In her Original Petition, she rarely referred to a "vessel" or "ship."[29] With equal or greater frequency she employed the more correct and less nautical words "platform," "pad," and "site" to describe the location where Decedent performed his duties.[30] Offshore platforms are not "vessels" when they are moored and connected to the seabed by risers and pipelines, thereby becoming practically incapable of transportation. *Mendez v. Anadarko Petroleum Corp.*, 466 F. App'x 316, 319 (5th Cir. 2012). Here, while there is not one alleged fact supporting vessel status in Plaintiff's pleadings, the easily proven facts establish that there was no vessel capable of supporting Plaintiff's seaman status claims. Plaintiff was hired for work on a single job taking place on a production platform on the outer Continental Shelf, which platform was stationary for years and was connected to the seabed by risers and pipelines forming a network of subsea wells.[31]

29. Plaintiff's "seaman status" claims require a temporally adequate connection to a vessel. In considering the temporal element of the substantial connection inquiry "a maritime worker who spends only a small fraction of his working time on board a vessel is fundamentally land based and therefore not a member of the vessel's crew."[32] Obviously, without a vessel, Decedent's work could never have the requisite temporal connection. In fact, by her parsimonious allegations, Plaintiff apparently does not think Decedent even touched a vessel during the term of his employment. After describing

---

[29] *See* Exhibit E, Plaintiff's Original Petition, p. 3 ¶ 14 and p. 4 ¶ 19-20. We note that Plaintiff made the additional claim that Decedent was on a vessel "owned, operated, and/or managed by Defendant," which is a discretely false factual allegation already known to Plaintiff in view of her prior, dismissed lawsuit. Exhibit D, Declaration of Edmund Caswell, III, p. 2, ¶ 21; Exhibit A, Daniel St. Germaine, p. 2, ¶ 9.

[30] Exhibit E, Plaintiff's Original Petition, p. 2, ¶¶ 7-8, p. 3 ¶¶ 9 and 12.

[31] Exhibit C, Declaration of Carlisle Colbert, p. 1, ¶ 7; Exhibit D, Declaration of Edmund Caswell, III, p. 1-2, ¶¶ 9-12.

[32] *Chandris*, 515 U.S. at 371.

8

activities on shore in Louisiana, she agrees Plaintiff travelled from shore to platform and back by helicopter.[33]

30. Plaintiff also needs a vessel to establish the "nature" prong of the test for seaman status. As with the duration portion of the same standard, a vessel is missing from the pleadings and the facts. However, Plaintiff's claim to seaman status would still plainly fail on this point even if Decedent's assignment were to a vessel rather than the "platform" Plaintiff sometimes correctly references in her pleadings. In *Sanchez v. Smart Fabricators of Tex., L.L.C.*, the *en banc* Fifth Circuit recently overruled and clarified prior authority to the effect that the nature element of the test for seaman status hinges on whether the worker was exposed to the "perils of the sea."[34] Whether an alleged seaman satisfies the "nature" prong of the test for seaman status now clearly requires considering whether the worker was exposed to the perils of the sea as well as the following questions:

> (1) Does the worker owe his allegiance to the vessel, rather than simply to a shoreside employer?
>
> (2) Is the work sea-based or involve seagoing activity?
>
> (3) (a) Is the worker's assignment to a vessel limited to performance of a discrete task after which the worker's connection to the vessel ends, or (b) Does the worker's assignment include sailing with the vessel from port to port or location to location?[35]

31. Here, Decedent was not exposed to the perils of the sea. He was assigned to a platform long since fixed to the seabed of the outer Continental Shelf.[36] Decedent did not

---

[33] Exhibit E, Plaintiff's Original Petition, p. 2, ¶¶ 4-7.

[34] *See* 997 F.3d 564, 573 (5th Cir. 2021) (en banc) (overruling *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927 (5th Cir. 2014) and explaining that *In re Endeavor Marine, Inc.*, 234 F.3d 287 (5th Cir. 2000) was incorrectly reasoned).

[35] *Id.*

[36] Exhibit D, Declaration of Edmund Caswell, III, pp. 1-2, ¶¶ 9-12.

owe his allegiance to a vessel, as Plaintiff's allegations here relate to work on a platform, and no vessel has been identified. His work did not involve any sea going activity, and even his travel to the platform did not make use of a vessel.[37] Even more importantly, Decedent's work did not meet the hallmark of the nature prong in that it did not and could not ever involve sailing with the platform. The platform to which Decedent was assigned could not "sail."[38] Plaintiff acknowledges that Decedent's work was a job "sandblasting on a platform."[39] The evidence also establishes Decedent was performing a discrete sandblasting job under contract with the third-party platform owner.[40] Decedent did not and could not have the sort of enduring connection to a vessel on which seaman status necessarily depends.

32. This Honorable Court can pierce Plaintiff's pleadings to determine whether allegations of seaman status were properly made. Piercing the pleadings is not necessary here, as the Plaintiff's bare assertions of seaman status and Jones Act claims are insufficient without factual amplification, and the limited facts Plaintiff alleged are only consistent with the proposition that Plaintiff was not a seaman. Nevertheless, there is also ample evidence beyond the pleadings to make clear that Decedent did not, as a matter of law, have a connection to a vessel that was substantial in nature and duration. There is no plausible basis to find that Decedent could have been a seaman, Plaintiff's Jones Act

---

[37] Exhibit E, Plaintiff's Original Petition, p. 2, ¶ 4; Exhibit D, Declaration of Edmund Caswell, III, p. 2, ¶¶ 18-19.

[38] Exhibit D, Declaration of Edmund Caswell, III, p. 1, ¶¶ 11-12.

[39] Exhibit E, Plaintiff's Original Petition, p. 2, ¶ 2.

[40] Exhibit C, Declaration of Calisle Colbert, p. 1, ¶¶ 6-7; Exhibit D, Declaration of Edmund Caswell, III, p. 1, ¶¶ 7-9 and p. 2, ¶ 21; Exhibit A, Affidavit of Daniel St. Germaine, p. 2, ¶ 9.

claims were improperly pleaded, and the statutory prohibition against removal of Jones Act claims is inapplicable.

**B.     There is Original and Federal Question Jurisdiction Over Plaintiff's Claims Under the OCSLA**

33.     OCSLA's jurisdictional grant is contained in 43 U.S.C. § 1349(b), the relevant portion of which reads as follows:

> … the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals …

34.     The Fifth Circuit applies a "but-for" test to determine whether a case "arises out of, or in connection with" OCS operations for the purpose of § 1349.[41] This test is intended to be applied with a "broad, not a narrow, reading," such that federal jurisdiction applies to any torts that would not have occurred in the absence of extractive activities on the OCS.[42] A cause of action arises under the OCSLA when "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment."[43]

35.     Where a maritime claim is brought in a case under the OCSLA, the "OCSLA provides courts with original federal question jurisdiction under [28 U.S.C.] §1331" as a claim arising under the laws of the United States. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 221 (5th Cir. 2013). This is so because Congress intended to vest the federal

---

[41] *Doucet v. Danos*, 856 F. App'x 550, 551 (5th Cir. 2021); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996).

[42] *Tennessee Gas,* 87 F.3d at 155; *See EP Operating Ltd. v. Placid Oil Co.*, 26 F.3d 563, 567-68 (5th Cir. 1994) (Section 1349 "is undeniably broad in scope.").

[43] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013)

11

courts with the power to hear any case involving the OCS, "[g]iven the national interests that prompted Congress to pass OCSLA and grant broad jurisdiction under 43 U.S.C. §1349." *Id*. Thus, the "federal courts retain their original federal question jurisdiction under OSCLA even when maritime law eventually provides the substantive rule of decision." *Barker*, 713 F.3d at 220, 222 & n.8.

36.     Here, there is no dispute that the Plaintiff's claims arise from covered operations on the outer Continental Shelf.[44] The Plaintiff admits as much.[45] Accordingly, this case raises a federal question under 28 U.S.C. § 1331, and there is original jurisdiction and removal jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), and 43 U.S.C. § 1349.

37.     Under 28 U.S.C. § 1441(c)(1), when a plaintiff has maritime claims under the OCSLA joined with a claim made nonremovable by statute (i.e., a Jones Act claim), "the entire action may be removed if the action would be removable without the inclusion of the [Jones Act] claim." Accordingly, even if Plaintiff's understanding of the decision in *Lackey* were correct and even if Plaintiff could maintain a Jones Act claim without a basis in the pleadings or facts, this action is removable and properly removed in its entirety.

## C.     There is Also Original Jurisdiction Over Plaintiff's Claims Because the Parties Are Completely Diverse

38.     District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United

---

[44] Exhibit D, Declaration of Edmund Caswell, III, pp. 1-2, ¶¶ 9-12.

[45] *See* Exhibit E. Plaintiff's Original Petition, p. 2, ¶ 7 ("Decedent was assigned to a job involving work on the outer Continental Shelf offshore Louisiana.").

States for the district and division where the state action is pending.[46]

39. For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business.[47] Citizenship is determined at the time the state court suit was filed.[48]

40. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants.[49]

41. Plaintiff is a citizen of the State of Texas.[50]

42. Defendant is the only other party.[51] At all times material hereto, Defendant was and remains a company incorporated in the State of Louisiana with its principal place of business in the State of Louisiana.[52]

43. As a result, there is complete diversity among the parties and removal is appropriate pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.

44. Plaintiff seeks over $1,000,000.00 in monetary relief in this action,[53] exceeding the requirement for the amount-in-controversy.

---

[46] *See* 28 U.S.C. § 1441(a).

[47] *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

[48] *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

[49] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

[50] *See* Exhibit E, Plaintiff's Original Petition, § I.

[51] *Id.*

[52] The United States District Court for the Western District of Texas already determined this Defendant's corporate citizenship, finding that it was not in Louisiana. *See Julissa Jimenez v. Grand Isle Shipyard*, C.A. No. 2:21-cv-00013, Dkt. 15, Order granting Defendant's Motions to Dismiss.

[53] *See* Exhibit E, Plaintiff's Original Petition, § IV.

**D.     There is Also Original Jurisdiction Over Plaintiff's Claims Under the General Maritime Law**

45.    The district courts also have original jurisdiction of any civil case of admiralty or maritime jurisdiction based on the allegations in Plaintiff's Original Petition.[54]

46.    Plaintiff alleges Decedent was injured on a vessel and brings her claims under the general maritime law.[55] Plaintiff's maritime claims are claims that could have been brought originally in the federal district courts, the federal district courts have original jurisdiction, and 28 U.S.C. § 1333(1) accordingly furnishes an additional basis for removal under 28 U.S.C. § 1441(a).[56]

**E.     This Action is Properly Removed.**

47.    There is no dispute that this action arises from the production of the mineral resources of the outer Continental Shelf. There is accordingly original jurisdiction under 28 U.S.C. § 1331 and 43 U.S.C. § 1349(b). In this circumstance, the case must be removed in its entirety. 28 U.S.C. § 1441(c)(1). In addition, plaintiff has failed to plead a factual basis for her claims that Decedent was a seaman, Plaintiff's allegations and easily demonstrated facts show that Decedent could not be a seaman if the allegations were enlarged, and the statutory bar to removal will not apply to Plaintiff's perfunctory and disproven Jones Act allegations. Because Plaintiff's Jones Act allegations were improperly pleaded, this case can also be removed in its entirety pursuant to the additional, independent, and separate bases for this Honorable Court's original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1333(1).

---

[54] 28 U.S.C. § 1331(1).

[55] *See* Exhibit E, Plaintiff's Original Petition, §§ V and VII.

[56] 28 U.S.C. § 1333(1); *see also, Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D. Tex. 2013) (holding that federal district courts have original and removal jurisdiction over claims arising in admiralty).

## IV.
### REMOVAL IS TIMELY

48.  A Notice of Removal is timely when filed "within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[57] Suit was filed on December 13, 2021. A copy of Plaintiff's Original Petition was served on Defendant's agent for service of process on December 21, 2021. Accordingly, this Notice of Removal is timely because it is filed within thirty days of service on Defendant on December 21, 2021.

49.  This removal is also filed within one year of commencement of this action on December 13, 2021.[58]

50.  This case is properly removed to this Court under 28 U.S.C. § 1441(a) because the state court where the action has been pending is in this District.

## V.
### REQUIRED DOCUMENTS

51.  Pursuant to 28 U.S.C. § 1446(a) and Rule 81(1)-(6) of the Local Rules of the Southern District of Texas, Defendant attaches hereto copies of required documents.[59]

## VI.
### REQUIRED NOTICE

52.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Harris County Clerk's Office.

---

[57] 28 U.S.C. § 1446(b).

[58] 28 U.S.C. § 1446(c)(l).

[59] *See* Exhibit G, Defendant's Index of Matters Being Filed.

15

## VII.
### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Grand Isle Shipyard, LLC prays that the above action be removed to this Honorable Court, and that, on hearing, it have all such other and further relief to which it may be entitled.

Respectfully submitted,

**BROWN SIMS**

By: _____
Allen D. Hemphill
Attorney-in-Charge
Texas Bar No. 00796740
S.D. Bar No. 35337
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
ahemphill@brownsims.com

**ATTORNEY FOR DEFENDANT GRAND ISLE SHIPYARD, LLC**

Of Counsel:

BROWN SIMS
Kenneth G. Engerrand
Texas Bar No.00619500
S.D. Bar No. 2078
Ryleigh M. Wolverton
Texas Bar No. 24126134
S.D. Bar No. 3722764
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
kengerrand@brownsims.com
rwolverton@brownsims.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy has been served upon all parties of record *via* CM/ECF filing on January 19, 2022.

                _____
                Allen D. Hemphill